IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DIANE GLENN                                                                                               PLAINTIFF

vs.                                         Civil No. 4:22-cv-04100

COMMISSIONER, SOCIAL                                                                         DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Diane Glenn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for widow's insurance benefits and Supplemental Security Income ("SSI") under Tiles II and XVI of the Act.[1]

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed her disability applications on October 23, 2018 (Title II) and on February 27, 2018 (Title XVI).  (Tr. 10).  In these applications, Plaintiff alleges being disabled due to carpal tunnel syndrome, removal of three discs from her spine, degenerative arthritis, and

---

[1] The Title II application was filed by Plaintiff with the wage earner being Jimmy Carol Hudman.
[2] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

"numerous surgeries on both breasts." (Tr. 209). Plaintiff alleges an onset date of January 1, 2013. (Tr. 10). These applications were denied initially on April 11, 2018, and they were denied again upon reconsideration on September 27, 2018. (Tr. 10). Plaintiff then requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 7-27).

On February 13, 2020, Plaintiff's administrative hearing was held in Shreveport, Louisiana. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Valerie Hill testified. *Id.* During this hearing, Plaintiff testified she was fifty-one (51) years old. (Tr. 41). However, on her alleged disability onset date, Plaintiff was forty-four (44) years old. (Tr. 21, Finding 8). Such an individual is defined as a "younger individual" under 20 C.F.R § 404.1563(c) and 20 C.F.R. § 416.963(c). Plaintiff also testified she had obtained her GED. (Tr. 41).

On October 20, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 10-22). In this decision, the ALJ found the following: "It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act." (Tr. 13, Finding 1). The ALJ also found the prescribed period ended on October 31, 2022. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2013, her alleged onset date. (Tr. 13, Finding 3). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis, status post left carpal tunnel release, status post herniated cervical disc with surgical repair, cervical radiculopathy, ganglion cyst in the right wrist, major depressive disorder, and generalized anxiety disorder. (Tr. 13-14, Finding 4). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments

that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-16, Finding 5).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-21, Finding 6). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift and carry, push and pull, up to 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk and sit for 6 hours each in an 8-hour workday. The claimant can occasionally reach, handle, and finger. The claimant can complete simple two to three step tasks.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 21, Finding 7). The VE testified at the administrative hearing regarding this issue. Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as the following: (1) furniture rental clerk with approximately 49,964 such jobs in the national economy and (2) usher with approximately 6,051 such jobs in the national economy. (Tr. 22). Based upon that finding, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from January 1, 2013 through October 20, 2021, the date of the ALJ's decision. (Tr. 22, Finding 12).

Plaintiff sought review with the Appeals Council. (Tr. 1-6). On September 7, 2022, the Appeals Council denied Plaintiff's request for review. *Id.* On October 4, 2022, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 4, 2022. ECF No. 5. This case is now ready for decision.

    **2.**       **Applicable Law:**

    In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

    It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: the ALJ's RFC assessment that she can perform light work is not supported by substantial evidence in the record. ECF No. 13. The SSA has responded to this argument and claims the ALJ's RFC determination is supported by substantial evidence, and there is no basis for reversal. ECF No. 15. Upon review, the Court finds the ALJ's RFC determination is supported by substantial evidence in the record.

In her opinion, the ALJ fully considered Plaintiff's subjective complaints and evaluated her medical records. (Tr. 16-21). In her analysis, the ALJ made the following findings:

> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the overall evidence of record. The combination of physical impairments was considered in the limitation to work at the light exertion. This accounts for the cervical disease, fusion, and improvement in neck pain and radiating upper extremity pain. Moreover, there was

consideration of the carpal tunnel symptoms on the left and the noted left wrist cyst. However, manipulative functioning, grip strength, muscle tone, and shoulder range of motion were normal (Exhibit B6F). The limit to occasional reaching, handling, and fingering more than adequately accounts for the residual clinical findings and gives some partial weight to the claimant's allegations of hand symptoms including pain. The record indicated only minimal mental health treatment, in 2019; however, the residual functional capacity considered the clinical findings of post hearing consultative psychological examination. The moderate limitation was addressed with the limitation to simple two to three step tasks. This was consistent with the examiner's opinion and the minimal associated treatment. Overall, the clinical and diagnostic findings were consistent with an ability to perform within the above residual functional capacity on a regular and consistent basis throughout the relevant period of alleged disability.

(Tr. 21).

With Plaintiff's briefing, she claims these findings are improper because she "cannot frequently lift 10 pounds for six hours in an eight hour day," and she "cannot stand and walk 6 hours in an 8 hour day" as a result of her impairments. ECF No. 13 at 1-15. The Court, however, has reviewed the records Plaintiff has submitted, and they do not provide a basis for reversal on the ALJ's RFC determination. Indeed, the Court finds the ALJ's RFC determination is supported by substantial evidence in the record; as such, the Court finds Plaintiff's claim as to the RFC determination should be denied.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of April 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE